Albert H. Bosch, J.
This is a motion for an order vacating the judgments of this court, insofar as they impose sentences under Indictments No. 422-61 and No. 544-61, and resentencing the defendant in a proper and legal manner, and for such other and further relief as to the court may seem just and proper.
The defendant alleges that the provisions of section 480 of the Code of Criminal Procedure were violated at the time that he was sentenced under the above indictments.
This defendant was indicted on April 19, 1961 (Indictment No. 422-61) for assault in the second degree (4 counts) and carrying a dangerous weapon as a felony. On June 9, 1961, defendant, in the presence of retained counsel, pleaded guilty to assault in the second degree under the first count of the indictment, to satisfy the indictment. On January 11, 1962, the defendant, in the presence of counsel, was sentenced to 2% to 5 years to run concurrently with a sentence under Indictment No. 54A-61 rendered on the same date.
This defendant was also indicted on April 19, 1961 (Indictment No. 544L-61) for robbery in the first degree, grand larceny in the first degree, assault in the second degree, and carrying a dangerous weapon as a felony. On June 9, 1961, the defendant, in the presence of retained counsel, pleaded guilty to robbery in the third degree under the first count of the indictment, to satisfy the indictment. On January 11, 1962, the defendant, in the presence of counsel, was sentenced to 5 to 10 years to run concurrently with the court’s sentence under Indictment No. 422-61 rendered on the same date.
The defendant alleges that his sentence under the above indictments was improper and illegal in that both indictments were never before the court at the same time and that the court sentenced him to a sentence to ran consecutively to another *99 sentence which had never been properly moved for sentence before the court.
On January 11, 1962, this defendant was brought before the court, in the presence of counsel, for the purpose of being sentenced under Indictments No. 422-61 and No. 544-61. An examination of the minutes of sentence at that time indicate the following germane facts as they relate to the defendant’s motion.
The People moved for sentence under Indictment No. 422-61 and the Clerk of the court made the inquiry required under section 480 of the Code of Criminal Procedure. The attorney for the defendant then stated his legal cause why the sentence should not be imposed and the court overruled the application. At that time the attorney for the defendant stated: “ in view of that, then, I now move that the pleas taken by this defendant be withdrawn and that he be permitted to plead not guilty to both of these charges [emphasis supplied] and have his day in Court.” The court denied the defendant’s motions. The attorney for the defendant then addressed himself to the court regarding leniency of sentence. At the conclusion of the attorney’s plea the court then sentenced the defendant under Indictment No. 544-61 for a minimum of 7% years to a maximum of 10 years, and under Indictment No. 422-61 to a minimum of 2% years to a maximum of 5 years, said sentences to run consecutively. At that point the Assistant District Attorney stated to the court for the purpose of correcting the record that inasmuch as the People only moved the sentence of this defendant under Indictment No. 422-61, he moved the sentence of this defendant under both Indictments Nos. 422-61 and 544-61.
, The court granted the application.
A short time thereafter the defendant was brought into court and the court vacated the sentence previously pronounced on Indictment No. 544 — 61. The People then moved for sentence of the defendant Charles Joseph Miloro under Indictment No. 544-61. The Clerk of the court then inquired whether there was any legal cause to show why the judgment of the court should not be pronounced upon him. After a brief plea by the attorney for the defendant, the court sentenced the defendant to Sing Sing State Prison for a minimum of 5 years and a maximum of 10 years under Indictment No. 544-61, said sentence to run concurrently with the prior sentence under Indictment No. 422-61 of 2% years to 5 years.
The record clearly indicates that when the defendant was arraigned for sentence under Indictment No. 422-61 the provisions of section 480 of the Code of Criminal Procedure were observed and that subsequently after the court vacated its *100 original sentence under Indictment No. 544-61, the Clerk observed the required provisions of section 480 of the Code of Criminal Procedure before the defendant was resentenced. The court also notes that this defendant has filed a notice of appeal from the judgment of conviction of this court on February 9, 1962 and the appeal is still pending.
The defendant was represented by counsel in all stages of the proceedings, all of which took place on the same date and in continuity and to which no objection was made by the defendant or his counsel. Under the circumstances he was sufficiently advised of his rights (People ex rel. Pearson v. La Vallee, 13 A D 2d 560). Motion is denied.